**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**FILED**

AUG 2 3 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**MARK OPPERMAN, RACHELLE KING,
CLAIRE MOSES, GENTRY HOFFMAN, STEVE
DEAN, ALICIA MEDLOCK, ALAN
BEUESHASEN, SCOTT MEDLOCK, GREG
VARNER, JUDY LONG, GUILI BIONDI, JASON
GREEN, and NIRALI MANDAYWALA, on
behalf of themselves and all others similarly
situated,**

          **Plaintiffs,**

**-vs-**

**PATH, INC.; TWITTER, INC.; APPLE, INC.;
FACEBOOK, INC.; BELUGA, INC.; YELP!
INC.; BURBN, INC.; INSTAGRAM, INC.;
FORESQUARE LABS, INC.; GOWALLA
INCORPORATED; FOODSPOTTING, INC.;
HIPSTER, INC.; LINKEDIN CORPORATION;
ROVIO MOBILE OY; ZEPTOLAB UK
LIMITED a/k/a ZeptoLab; CHILLINGO LTD.;
ELECTRONIC ARTS INC.; and KIK
INTERACTIVE, INC.,**

          **Defendants.**

**Case No.  A-12-CA-219-SS**

---

## O R D E R

BE IT REMEMBERED on August 22, 2012, the Court called a hearing in the above-styled

cause, at which Plaintiffs and Defendants appeared by and through counsel.  Presently before the

Court are Defendants Apple Inc., Chillingo Ltd., Electronic Arts Inc., Facebook, Inc., Foodspotting,

Inc., Foursquare Labs, Inc., Gowalla Inc., Instagram, Inc., Kik Interactive Inc., Path, Inc., Rovio

Entertainment Ltd. d/b/a Rovio Mobile Oy, Twitter, Inc., and Yelp! Inc. (collectively, the Appearing

Defendants)'s Unopposed Motion to Extend Defendants' Initial Response Date and Enter a

Preliminary Scheduling Order for the Sequence of Initial Motions [#72], and Defendant ZeptoLab UK Ltd.'s Unopposed Response [#76] thereto; and Steve Kaufhold and Jonathan Gaskin's Motion to Withdraw as Counsel [#77] for Plaintiffs.  Having considered the documents,  and the file as a whole—particularly the grossly deficient Complaint and Amended Complaint filed by Plaintiffs—and the slow progress of this case, the Court now enters the following opinion and orders, denying the Appearing Defendants' motion, granting the motion to withdraw, and dismissing Plaintiffs' complaints.

This case—an aspiring class action against a veritable who's-who of social media companies—was filed on March 12, 2012.  Plaintiffs complain Defendants are improperly using smartphone apps to copy, upload, and store Plaintiffs' address book information, from their smartphones, without the consent of Plaintiffs.  A simple enough allegation, but the Original Complaint: (1) is 152 pages long,[1] (2) begins with a trite quote in twenty-four point, bolded italic font, (3) cites to a confused mass of Texas, Federal, and California law, and (4) is laced with exhibits of dubious value, irrelevant and inappropriate editorializing, needless repetition, paragraphs which are "intentionally" left blank, and a general attitude of smug pomposity.  None of these have any place in a federal court; in short, the Original Complaint is wholly deficient.

An Amended Complaint was filed on May 18.  Any hopes the Court harbored as to whether Plaintiffs had realized their Original Complaint was deficient were soon dashed.  Plaintiffs apparently sought to improve their complaint by making it even longer—the Amended Complaint

---

[1]Not counting an attached, thirty-page exhibit.

weighs in at an astounding 343 pages.[2]  Its content repeats in spades the defects of the Original Complaint.[3]

The Court is not sure who these voluminous screeds are addressed to; certainly they are not written with an eye towards this Court's busy docket.  Perhaps, Plaintiffs had the court of public opinion in mind when they drafted them.  In any event, both the Original Complaint and the Amended Complaint are in violation of the Federal Rules.  Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Therefore, the complaint cannot be filled with argument and "other things that a pleader, aware of and faithful to the command of the Federal Rules of Civil Procedure, knows to be completely extraneous," *Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979).  Plaintiffs' Complaints are neither short, nor plain, nor do they show Plaintiffs are entitled to relief.  And they are laden with extraneous material.  Accordingly, the Court DISMISSES both complaints WITHOUT PREJUDICE. *See Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984); *Armstrong v. Tygart*, No. A–12–CA–606–SS, slip op. at 2–3 (W.D. Tex. July 9, 2012); *see also Johns-Manville Sales Corp. v. Chi. Title & Trust Co.*, 261 F. Supp. 905, 908 (N.D. Ill. 1966) (striking complaint for having too many extraneous exhibits).

The Court grants leave to file a second amended complaint, within twenty days of entry of this order.  Any new complaint must thoroughly comply with both the letter and spirit of the Federal Rules of Civil Procedure, this order, and the dictates of legal professionalism.  It may not contain

---

[2]Again, not counting attached exhibits.

[3]To take one illustrative example, what possible relevance is there to a picture of the contents of the box an iPhone comes in? *See* Am. Compl. [#3] at 41.  The box, earphones, power cord and plug, iPhone itself, and the exterior of whatever booklet is include have nothing to do with the software-related allegations at issue here.

any exhibits in the body of the pleading. Exhibits, if any, must be attached separately, and Plaintiffs' counsel are advised to be judicious in attaching exhibits, and to be mindful of Chief Judge Campbell's astute observation: "[I]n almost each instance where the exhibit is necessary properly to plead the claim its significant contents can and should be included in substance and effect rather than in *haec verba*." *Johns-Manville Sales Corp.*, 261 F. Supp. at 908.

Failure to file a new complaint within twenty days will result in the dismissal of this case. Furthermore, the Court WARNS Plaintiffs that, if the Court finds any new complaint fails to (1) state a claim, (2) comply with the Federal Rules, or the Local Rules of this Court, (3) comply with this order, or (4) meet general standards of legal professionalism, it will be subject to dismissal with prejudice.

The Court now turns to the pending motions. First, the Appearing Defendants' motion, which requests an elaborate, bifurcated extension for those motions which typically precede issuance of a Rule 26 scheduling order is DENIED. This case has been pending for over five months already, with no progress made. If and when Plaintiffs file an amended complaint, Defendants can file the appropriate motions, in accordance with the Federal Rules and the Local Rules of this Court.

Finally, Steve Kaufhold and Jonathan Gaskin's motion to withdraw as attorneys in this matter is GRANTED. Plaintiffs are represented by local counsel, and there is no reason to deny the motion.

Accordingly,

IT IS ORDERED that Plaintiffs' Original Complaint [#1] and Amended Complaint [#3] are DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Plaintiffs shall have TWENTY (20) DAYS from entry of this order to file any amended complaint, or this case may be dismissed;

-4-

IT IS FURTHER ORDERED that Plaintiffs are WARNED that failure to comply with the Federal Rules, and the Local Rules of this Court, may result in dismissal with prejudice of any new amended complaint;

IT IS FURTHER ORDERED that Defendants' Unopposed Motion to Extend Defendants' Initial Response Date and Enter a Preliminary Scheduling Order for the Sequence of Initial Motions [#72] is DENIED;

IT IS FINALLY ORDERED that Steve Kaufhold and Jonathan Gaskin's Motion to Withdraw as Counsel [#77] is GRANTED.

SIGNED this the ___22nd___ day of August 2012.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE